UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

$70,670.00 IN U.S. CURRENCY,
$101,629.59 IN U.S. CURRENCY SEIZED
FROM WELLS FARGO BANK
CASHIER'S CHECK NO. 6648201039, AND
$30,000.00 IN U.S. CURRENCY SEIZED
FROM CHASE BANK CASHIER'S
CHECK NO. 1178710368,

        Defendants *In Rem*.

_____/

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, the United States of America, by and through its undersigned counsel, files this verified complaint for forfeiture *in rem*, to allege, upon information and belief, as follows:

### I.    INTRODUCTION

1.      This is civil action *in rem* to forfeit cash and cashier's checks that total approximately $206,299.59 in U.S. currency,  pursuant to 18 U.S.C. § 981(a)(1)(A), (a)(1)(C) and 21 U.S.C. § 881(a)(6).  As alleged herein, this property constitutes, or is derived from, proceeds of narcotics trafficking and/or the interstate transportation of stolen property, and/or was involved in, or is property traceable to, money laundering transactions conducted in Miami, Florida, which is within the Southern District of Florida.

### II.    DEFENDANTS *IN REM*

2.      The Defendants *In Rem*, which total approximately $206,299.59 in U.S. currency,

are more fully described as (and hereinafter referred to as, collectively, the "**Defendant Funds**"):

      a. $70,670.00 in U.S. currency seized on or about May 11, 2015, in Miami, Florida ("**Defendant Cash**");

      b. $101,629.59 in U.S. currency seized on or about May 13, 2015, from Wells Fargo Bank Cashier's Check No. 6648201039, made payable to Wilson Colorado and dated April 25, 2015 ("**Defendant Wells Fargo Cashier's Check**"); and

      c. $30,000.00 in U.S. currency seized on or about May 13, 2015, from Chase Bank Cashier's Check No. 1178710368, made payable to Wilson Colorado and dated April 25, 2015 ("**Defendant Chase Cashier's Check**").

## III.   JURISDICTION AND VENUE

3.     Pursuant to 28 U.S.C. §§ 1345 and 1355(a) and 18 U.S.C. § 981(a)(1), this Court has jurisdiction over this subject matter.

4.     Pursuant to 28 U.S.C. §§ 1355(b) and 1355(d), this Court has *in rem* jurisdiction over the Defendant Funds.

5.     Pursuant to 28 U.S.C. §§ 1355(b) and 1395, this Court has venue as the acts or omissions giving rise the forfeiture occurred in this District, and because the Defendant Funds are located in this District.

## IV.   FACTUAL ALLEGATIONS

6.     From in or about October 2014 to at least May 2015, Wilson Oswaldo Colorado-Echeverry ("Colorado") was involved in laundering drug proceeds, utilizing several residences throughout South Florida to store narcotics and bulk currency, including the residence of Tatiana Alejandra Narvaez-Caicedo ("Narvaez-Caicedo").

7.     Until recently, Narvaez-Caicedo was the general manager of AnnChery Fajas USA, Inc. ("AnnChery"). AnnChery is a company located in Colombia and in Doral, Florida that manufactures and sells women's undergarments, including corsets, girdles, and waist cinchers. As AnnChery's general manager in Doral, Florida, Narvaez-Caicedo had access to the company's merchandise and corporate records.

8.     In or about April 2015, AnnChery fired Narvaez-Caicedo for stealing its merchandise, and for supplying corsets and other undergarments to Colorado without payment. According to the AnnChery, customers must pay for merchandise in cash prior to delivery. Narvaez-Caicedo currently faces state felony fraud charges and a civil lawsuit based on AnnChery's allegations.

9.     Narvaez-Caicedo had a personal and business relationship with Colorado. She told law enforcement agents that although Colorado frequently visited her at home, he did not always stay there with her. She provided agents with an alternate address for Colorado, where he sometimes stayed with his ex-wife. The residence is located in Miami, Florida, which is within the Southern District of Florida.

10.    On or about May 11, 2015, Colorado's ex-wife gave law enforcement agents consent to search her residence. She told agents that she allows her ex-husband to live with her while he is in the United States. Colorado and his son, Andres Felipe Colorado, were present at her residence during the search.

11.    A search of the residence revealed the presence of narcotics and narcotics paraphernalia. In a bathroom trash can, agents found a food saver type bag and napkin containing the residue of a green leafy substance, which they suspected to be marijuana. Outside in a fenced area by the side of the residence, law enforcement agents recovered a kilogram press.

3

In the converted garage, which appeared to be a bedroom for Colorado and his son, agents found two to three small bags containing white powdery substance, which they suspected to be cocaine. In addition, they found a large bong and heat sealer in the room, and observed several clear plastic bins containing corsets and cosmetics.

12.     Colorado's son, Andres Felipe Colorado, admitted that the two to three small bags containing white powdery substance belonged to him, and was charged with cocaine possession in a state criminal case. His case has since been closed.

### A.  Seizure of Defendant Cash

13.     Also during the search of the residence, a currency-detection canine alerted to the presence of cash in the area of the master bedroom closet, which was used by Colorado's ex-wife.  In the closet, law enforcement agents removed a loose board on one of the shelves and discovered cash and two cashier's checks.

14.     The cash consisted of mostly $100 and $20 bills, and totaled approximately $15,070.00.  The two cashier's checks were both dated April 25, 2015, and were both made payable to Wilson Colorado.   Specifically, these checks included: (1) Wells Fargo Bank Cashier's Check No. 6648201039 in the amount of $101,629.59; and (2) Chase Bank Cashier's Check No. 1178710368 in the amount of $30,000.00.

15.     A narcotics-detection canine alerted to the presence of drugs on the cash seized from the closet.

16.     In another bedroom, which appeared to be occupied by Colorado ex-wife's juvenile daughter, law enforcement agents recovered two additional bundles of cash from under a night stand.  The two bundles of cash contained $100 bills, and totaled approximately $55,600.00.  A narcotics-detection canine alerted to the presence of drugs on the cash seized

4

from under the night stand.

17.     In total, approximately $70,670.00 in U.S. currency was seized by law enforcement agents from the residence of Colorado's ex-wife on or about May 11, 2015 ("Defendant Cash").

18.     Colorado claimed ownership of the Defendant Cash and the two cashier's checks, but did not provide an explanation as to why he hid these items in his ex-wife's closet or under her daughter's night stand.

19.     Colorado's ex-wife told agents that she did know that there was cash and cashier's checks hidden in her closet. She also told agents that she did not know that there was cash under her daughter's night stand.

20.     Law enforcement agents also observed Colorado and his ex-wife's joint tax returns at her residence. Based on these returns, there was a significant disparity between the amount seized from the residence and the joint annual income Colorado and his ex-wife reported in 2013 and 2014. Their reported annual income only equaled a small fraction of the funds recovered.

### B. Seizure of Defendant Wells Fargo Cashier's Check and Defendant Chase Cashier's Check

21.     On or about May 12, 2015, U.S. Magistrate Judge Andrea Simonton issued seizure warrants to obtain the funds represented by the cashier's checks seized from the residence of Colorado's ex-wife.

22.     On or about May 13, 2015, law enforcement agents seized $101,629.59 in U.S. currency from Wells Fargo Bank Cashier's Check No. 6648201039, made payable to Wilson Colorado and dated April 25, 2015 ("Defendant Wells Fargo Cashier's Check"), and $30,000.00 in U.S. currency from Chase Bank Cashier's Check No. 1178710368, made payable to Wilson

Colorado and dated April 25, 2015 ("Defendant Chase Cashier's Check").

23.     On or about May 13, 2015, Colorado admitted to law enforcement agents that he had received AnnChery merchandise from Narvaez-Caicedo, which he sold through his business, Kurvas Secret by W Inc. ("Kurvas Secret"). Colorado also told agents that he started Kurvas Secret in December 2014 under someone else's name, and that he exported goods outside of the United States to circumvent some financial regulations. Colorado claimed that he had withdrawn all of his money from the bank and hid it in his ex-wife's house because AnnChery had filed a lawsuit against him.

24.     According to online corporate registration records, Kurvas Secret is an active Florida corporation that was established on or about January 31, 2015. Colorado is the company's registered agent and president. Although the company's principal place of business was previously located at an address in Tampa, Florida, Kurvas Secret is now registered to the same address as the residence of Colorado's ex-wife.

## V.     BASIS FOR FORFEITURE

### A. Underlying Federal Offenses

25.     Pursuant to 21 U.S.C. § 841(a), it is a federal crime for "any person knowingly or intentionally— . . . to manufacture, distribute, or dispense, or possess with the intent to manufacture, distribute, or dispense, a controlled substance." Pursuant to 21 U.S.C. § 846, it is also a federal crime for "[a]ny person who attempts or conspires to commit" a violation of 21 U.S.C. § 841(a).

26.     Pursuant to 18 U.S.C. § 2314, it is a federal crime for a person to "transport[], transmit[], or transfer[] in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen,

converted or taken by fraud."

27.     Pursuant to 18 U.S.C. § 1956(a)(1), it is a federal crime for a person "knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity— . . . knowing that the transaction is designed in whole or in part— (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or (ii) to avoid a transaction reporting requirement under State or Federal law."

28.     Pursuant to 18 U.S.C. § 1957, it is a federal crime for a person to "knowingly engage[] or attempt[] to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity."

29.     Pursuant to 18 U.S.C. §§ 1956(c)(7) and 1961(1), narcotics trafficking in violation of 21 U.S.C. §§ 841(a)(1) and/or 846 and the interstate transportation of stolen property in violation of 18 U.S.C. § 2314 constitute "specified unlawful activity."

### B.  Applicable Forfeiture Statutes

30.     Pursuant to 18 U.S.C. § 981(a)(1)(C), "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity' . . . or a conspiracy to commit such offense" is subject to forfeiture.

31.     In addition, pursuant to 18 U.S.C. § 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of [18 U.S.C. §§ 1956 or 1957], or any property traceable to such property" is subject to forfeiture.

32.     Pursuant to 21 U.S.C. § 881(a)(6), "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished" in violation of 21

U.S.C. §§ 841(a) and/or 846, and "all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate" such violation(s) are subject to forfeiture.

## FIRST CLAIM

### (21 U.S.C. § 881(a)(6))

33.     The factual allegations in paragraphs 1 through 32 are re-alleged and incorporated by reference herein.

34.     The Defendant Funds are subject to forfeiture to the United States, pursuant to 21 U.S.C. § 881(a)(6), as moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in violation of 21 U.S.C. §§ 841(a) and/or 846, as proceeds traceable to such an exchange, and/or as moneys, negotiable instruments, and securities used or intended to be used to facilitate such violation(s).

## SECOND CLAIM

### (18 U.S.C. § 981(a)(1)(C))

35.     The factual allegations in paragraphs 1 through 32 are re-alleged and incorporated by reference herein.

36.     The Defendant Funds are subject to forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), as property, real or personal, which constitutes or is derived from proceeds traceable to specified unlawful activity, that is, narcotics trafficking in violation of 21 U.S.C. §§ 841(a)(1) and/or 846, and/or the interstate transportation of stolen property in violation of 18 U.S.C. § 2314.

## THIRD CLAIM

(18 U.S.C. § 981(a)(1)(A))

37.    The factual allegations in paragraphs 1 through 32 are re-alleged and incorporated by reference herein.

38.    The Defendant Funds are subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(A) as property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 or 1957, or as property traceable to such property.

*WHEREFORE*, Plaintiff, the United States of America, requests that any and all persons having any claim to the Defendant Funds be directed to file and serve their verified claims and answers as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, or suffer default thereof, and further requests that this Honorable Court declare the Defendant Funds condemned and forfeited to the United States of America and for such other and further relief as this Court may deem just, necessary, and proper.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:    s/ Nalina Sombuntham
Nalina Sombuntham
Assistant United States Attorney
Fla. Bar No. 96139
99 N.E. 4th Street, 7th Floor
Miami, Florida  33132-2111
Telephone:  (305) 961-9224
Facsimile:   (305) 530-6166
nalina.sombuntham2@usdoj.gov

Dated: September 28, 2015

## VERIFICATION

I, Kimako W. Finey, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration (the "DEA"), that I have read the foregoing Verified Complaint for Forfeiture *In Rem* ("Verified Complaint") and know the contents thereof, and the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the DEA.

I hereby verify and declare under penalty of perjury that the foregoing factual allegations are true and correct to the best of my knowledge and belief.

Executed on this *28th* day of September, 2015.

_____
Kimako W. Finey
Special Agent
Drug Enforcement Administration