UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
        Plaintiff,

v.

$70,670.00 IN U.S. CURRENCY;
$101,629.59 IN U.S. CURRENCY SEIZED     Case No. 15-23616-CIV-GAYLES
FROM WELLS FARGO BANK
CASHIER'S CHECK NO. 6648201039; and
$30,000.00 IN U.S. CURRENCY SEIZED
FROM CHASE BANK CASHIER'S CHECK
NO. 1178710368,
        Defendants *In Rem*.
_____/

**ORDER**

**THIS CAUSE** comes before the Court on the Putative Claimants Kurvas Secret by W, Wilson Colorado, and Miladis Salgado's (collectively, the "Claimants") Objection to Plaintiff United States' Notice of Service of Special Interrogatories and Deferral of Response to Claimants' Motion to Dismiss Pursuant to Supplemental Rule G(6) [ECF No. 16] (the "Motion for Protective Order"); and the Plaintiff United States of America's (the "Government") Motion to Compel Special Interrogatory Answers from Putative Claimants Colorado, Kurvas Secret, and Salgado [ECF No. 17] (the "Motion to Compel").

For the reasons that follow, the Government's Motion to Compel shall be granted and the Claimants' Motion for Protective Order shall be denied.

**I.     BACKGROUND**

According to the facts alleged in the Verified Complaint filed by the Government on September 28, 2015, three Defendants *In Rem* are subject to forfeiture: (1) $70,670.00 in U.S. currency seized on or about May 11, 2015, in Miami, Florida; (2) $101,629.59 in U.S. currency

seized on or about May 13, 2015, from Wells Fargo Bank Cashier's Check No. 6648201039, made payable to Claimant Wilson Colorado and dated April 25, 2015; and (3) $30,000.00 in U.S. currency seized on or about May 13, 2015, from Chase Bank Cashier's Check No. 1178710368, made payable to Wilson Colorado and dated April 25, 2015 (collectively, the "Defendants *In Rem*"). Compl. ¶ 2. The Defendant Cash was seized during an allegedly consensual search of the residence of Claimant Miladis Salgado. *Id.* ¶ 10. Approximately $15,070.00 of the Defendant Cash was seized from the master bedroom closet, and approximately $55,600.00 was seized from under a nightstand in a minor's room. *Id.* ¶¶ 14, 16. The Defendant Cashiers' Checks were both seized from the master bedroom closet. *Id.* ¶ 14. Colorado claimed ownership of the Defendants *In Rem* at the time of the seizure, and Salgado told law enforcement agents that she did not know the Defendants *In Rem* were hidden in her closet or under the nightstand. *Id.* ¶¶ 18-19.

On November 3, 2015, the Claimants filed a notice that "attached verified claims to any and all of the above referenced properties [Defendants *In Rem*] that were seized from their home and an additional $42,000.00 (approximately) in currency that are unaccounted for." ECF No. 8 at 1. Colorado, "in his individual capacity and on behalf of Kurvas Secret by W," claimed that he and Kurvas Secret by W are "the owners of [the] property" and demanded "the immediate return of all property that was seized from our home on 5/11/2015," which he claims included "approximately $112,000 in U.S. Currency, $101,629.49 in a Wells Fargo Bank cashier's check, and $30,000 in a Chase Bank cashier's check." ECF No. 8-1. Salgado also claimed "the immediate return of all property that was seized from our home on 5/11/2015," which she claims included "approximately $15,000.00 that belong to me and other currency and cashier's checks that belong to Wilson Colorado." ECF No. 8-2.

On December 2, 2015, the Claimants filed a motion to dismiss the forfeiture complaint. Two days later, pursuant to Rule G(6) of the Supplemental Rules of Admiralty or Maritime Claims

and Asset Forfeiture Actions, the Government propounded its First Sets of Special Interrogatories on the Claimants. *See* Gov't's Mot. to Compel Exs. A-C. Answers to these interrogatories were due on or before December 25, 2015. Three days prior to that deadline, the Claimants filed the instant Motion for Protective Order. In the motion, they object to the Special Interrogatories by arguing that the Government would use the information to attempt to make a case for the forfeiture without first establishing probable cause for the initial seizure. Cls.' Mot. for Prot. Order at 2. Further, they contend that the Special Interrogatories are overbroad in that they are not "limited to the Claimant's identity and relationship to the defendant property," as required by Supplemental Rule G(6). *Id.* at 2-3. The Claimants ask this Court to grant the motion for protective order "so that this Court may conduct its' own probable cause analysis and determine whether there is sufficient evidence establishing probable cause for this case to go forward." Cls.' Resp. at 8.

**II.     DISCUSSION**

Civil forfeiture actions are governed by the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, as well as the Federal Rules of Civil Procedure. *See* Supp. R. G(1). A claimant in a civil forfeiture proceeding bears the threshold burden of establishing both Article III standing and statutory standing with respect to each claimed defendant property. *United States v. $38,000.00 in U.S. Currency*, 816 F.2d 1538, 1543 (11th Cir. 1987); *see also United States v. ADT Sec. Servs., Inc.*, 522 F. App'x 480, 489 (11th Cir. 2013). "The issue of standing is subject to adversarial testing under Supplemental Rule G(6)(a), which gives the government the right to question the claimant regarding 'the claimant's identity and relationship to the defendant property,' and to 'gather information that bears on the claimant's standing.'" *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 642 (9th Cir. 2012) (citing Supp. R. G(6)(a) & advisory committee's note (subdivision (6))). To that end, Supplemental Rule G(6) confers on the government the authority to serve special interrogatories on putative claimants in

forfeiture proceedings "limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Supp. R. G(6)(a).

*United States v. $104,250.00 in U.S. Currency*, 947 F. Supp. 2d 560 (D. Md. 2013), cited by the Government, is particularly instructive in resolving the issue currently before the Court. There, the claimant in a forfeiture proceeding sent the government a letter on her attorney's letterhead claiming that money seized by the government was "proceeds of my personal investments in the entertainment industry, and proceeds from my mother's estate." *Id.* at 562 (internal quotation marks omitted). The court explained that "the only safeguard the courts have against the filing of false claims in civil *in rem* proceeding[s] is the threat that the filing of a false claim will trigger a perjury prosecution." *Id.* at 564. With that in mind, the court found that the claimant's claim was "too vague to make the threat of a perjury prosecution for filing a false claim a true deterrent." *Id.* at 565 ("Virtually anything could be characterized as 'proceeds of an investment in the entertainment industry.'"). The court recognized that, because the claim was vague, the government was entitled to serve the claimant with special interrogatories inquiring into her identity, the truthfulness of her claim, and the circumstances surrounding her acquisition of the seized currency. *Id.* at 563.

The claims here are vaguer than the claim at issue in *$104,250.00*. Although it is true that, at this stage of the proceedings, "a claimant's unequivocal assertion of an ownership interest in the property is sufficient by itself to establish standing," *$133,240.00*, 672 F.3d at 638, a cursory review of the claims shows that the Claimants seek the return of more property than the Government has declared as seized in the Verified Complaint and in potentially overlapping amounts. The Verified Complaint alleges that only $70,670.00 in U.S. currency was seized from the Salgado property. Compl. ¶ 14, 16. However, Colorado's claim seeks the return of $112,000.00

in U.S. currency he claims belongs to him and Kurvas Secret by W; and Salgado's claim seeks the return of $15,000.00 in U.S. currency she claims belongs to her. No Claimant provides any factual support regarding their ownership of the Defendants *In Rem* nor regarding the circumstances surrounding their acquisition of the seized currency. And, as pointed out by the Government, Salgado, who asserts in her claim that the "other currency and cashier's checks" belong to Colorado, has asserted no basis for her interest in the remaining Defendants *In Rem*.

Furthermore, the assertions in the Claimants' claims currently do not comply with Rule G(5), which requires, in part, that a person asserting an interest in property identify the specific property claimed, identify the claimant, and state the claimant's interest in the property. A "blanket assertion" that a putative claimant is the owner of the property "does not sufficiently identify his interest in the property" for the purposes of satisfying Rule G(5), even if the putative claimant was in possession of the seized property at the time it was seized. *United States v. $67,500.00 in Currency*, No. 11-2751, 2012 WL 1372186, at *1 (M.D. Fla. Apr. 16, 2012); *see also United States v. $134,750.00 in U.S. Currency*, No. 09-1513, 2010 WL 1741359, at *3 (D. Md. Apr. 28, 2010) (holding that a claimant asserting an interest in seized property "needs to provide detail as to how he obtained possession of the currency, including, but not limited to, the person(s) from whom he received the currency, the date of receipt, the place of the receipt, and a description of the transaction which generated the currency"). Colorado's claim, on his own behalf and on behalf of Kurvas Secret by W, and Salgado's claim both contain these proscribed "blanket assertions." *See* ECF No. 8-1 (Colorado and Kurvas Secret by W Claim) ("We are the owners of said property."); ECF No. 8-2 (Salgado Claim) ("[L]aw enforcement . . . seized approximately $15,000.000 that belong to me . . . .").

Accordingly, the Court concludes the Government is entitled to serve the Claimants with special interrogatories to inquire into their identity, the truthfulness of their claims, and the

circumstances surrounding their acquisition of the seized currency. 947 F. Supp. 2d at 563. And despite the Claimants' protestations that the Government questioning their standing is "frivolous," they have cited no authority that would permit this Court to categorically block the Government from propounding the special interrogatories they are entitled to propound under Supplemental Rule G(6) to inquire into their interest in and relationship to the Defendants *In Rem*.

### III. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Motion to Compel [ECF No. 17] is **GRANTED**. The Claimants shall serve the Government with their answers to the propounded Special Interrogatories no later than **February 3, 2016**.

**IT IS FURTHER ORDERED** that the Claimants' Motion for Protective Order [ECF No. 16] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of January, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE