UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-23616-GAYLES/TURNOFF

UNITED STATES OF AMERICA,

    **Plaintiff,**

v.

**$70,670 IN U.S. CURRENCY,** *et al.*,

    **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Claimants' Motion to Alter or Amend Order Dismissing Case Entered on August 10, 2017 [ECF No. 139] and Claimants' Motion for Attorney Fees, Costs, and Interest [ECF No. 141]. The Court held a hearing on the motions on December 15, 2017. [ECF No. 165]. The Court has carefully reviewed the motions, the record, arguments of counsel, and the applicable law, and is otherwise fully advised. For the reasons that follow, the motions are denied.

**I. BACKGROUND**

In September 2015, the government filed its Complaint for Forfeiture *In Rem* [ECF No. 1], alleging that over $200,000 in cash and cashier's checks were the proceeds of or traceable to drug trafficking, transportation of stolen goods in interstate commerce, and money laundering by Wilson Colorado ("Colorado"). [*Id.* at 6–7]. The assets were found and seized when law enforcement officers conducted a search of the home Colorado shared with Miladis Salgado ("Salgado"), his ex-wife. In November 2015, Colorado, Salgado, and a company owned by Colorado, Kurvas Secret by W, Inc. ("Kurvas Secret") (collectively, "Claimants"), entered verified claims for the assets. [ECF No. 22].

Meanwhile, AnnChery Fajas USA, Inc. ("AnnChery")—a company that employed an associate of Colorado's, Tatiana Alejandra Narvaez-Caicedo ("Narvaez-Caicedo")—filed an action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, alleging that Colorado had aided a scheme to steal clothing from AnnChery. [ECF No. 110-3]. The stolen goods counts alleged in the federal forfeiture action are related to AnnChery's claims—in other words, AnnChery is the victim of some of the alleged crimes forming the basis of the federal forfeiture action. In November 2016, the state court entered judgment in favor of AnnChery and against Colorado and Kurvas Secret, but reserved ruling on the award of damages and attorney's fees. [ECF No. 110-8]. In April 2017, the state court awarded AnnChery $318,520.70 in damages and attorney's fees. [ECF No. 117-1]. In July 2017, the state court authorized AnnChery to levy on property of Colorado and Kurvas Secret, including its claims in this federal forfeiture action, and assigned Colorado's rights in the Defendants *In Rem* to AnnChery. [ECF No. 134-1].

On March 27, 2017, Claimants moved for summary judgment. [ECF No. 108]. Four days later, the government filed its Motion for Summary Judgment on Second and Third Claims of the Verified Complaint, or in the Alternative, Motion for Leave to Dismiss Action Without Prejudice [ECF No. 110]. The government argued that in light of the state court action, there were no genuine issues of triable fact as to the second and third forfeiture counts relating to stolen property, but argued in the alternative that the Court should allow the government "to voluntarily dismiss this matter so that ownership of the Defendants *In Rem* can be resolved by the Miami-Dade Circuit Court." [*Id.* at 4]. The Court granted the motion in part, finding good cause to permit the government to voluntarily dismiss the action without prejudice in light of the parallel state court action. [ECF No. 133]. Only after the Court granted the government's motion, Claimants objected that the dismissal should be *with prejudice* so that they could seek statutory attorney's fees. [ECF

No. 136]. The Court entered a final order of dismissal *without prejudice* on August 10, 2017. [ECF No. 138].

In the instant motions, Claimants seek (1) to alter the dismissal without prejudice to a dismissal with prejudice and (2) to be awarded attorney's fees in light of the dismissal with prejudice.

## II.    MOTION TO ALTER OR AMEND ORDER DISMISSING CASE

*A.    Legal Standard*

Under Rule 41 of the Federal Rules of Civil Procedure, a plaintiff may unilaterally voluntarily dismiss an action only before the opposing party has served either an answer or a motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1). After the defendant has answered or moved for summary judgment, a plaintiff seeking to voluntarily dismiss her complaint must obtain a court order, which the court may issue "on terms that the court considers proper." *See id.* 41(a)(2). "Unless the order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice." *Id.* "The purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015) (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986)).

In most circuits, the district courts must apply some variation of a multi-factor test to determine if voluntary dismissal under Rule 41(a)(2) should be permitted. *See* 9 FED. PRAC. & PROC. CIV. § 2364 (3d ed.), Westlaw (database updated April 2017). Unlike other circuits, however, "the Eleventh Circuit does not rely on a list of factors to examine when considering a Rule 41 motion." *Bradley v. MARTA*, 2014 WL 4449874, *1 (N.D. Ga. 2014). Instead, in the Eleventh Circuit, a "district court must 'weigh the relevant equities and do justice between the

parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'" *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001) (quoting *McCants*, 781 F.2d at 857).

Thus, "[t]he district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg*, 252 F.3d at 1255. "Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." *Arias*, 776 F.3d at 1268.

B.  *Discussion*

Claimants point out that although no set list of factors must be weighed, in determining whether legal prejudice precludes a Rule 41 dismissal without prejudice, courts in this circuit have frequently considered "the length of time and amount of resources spent by the defendant in litigating the case, dilatory tactics by the plaintiff, and whether the defendant had a motion for summary judgment pending when the dismissal was requested." *Jones v. Smartvideo Techs., Inc.*, No. 06-cv-2760, 2007 WL 1655855, *3 (N.D. Ga. 2007). Here, Claimants argue that the duration of the litigation and their pending dispositive motion at the time the government requested dismissal weigh against voluntary dismissal without prejudice. They further argue that loss of a basis for statutory attorney's fees constitutes plain legal prejudice.

It is true that the government's request for voluntary dismissal in the instant action came after eighteen months of litigation. But while the duration of the litigation may be relevant to determine whether the balance of equities makes voluntary dismissal without prejudice appropriate, it is not dispositive. *See Pontenberg*, 252 F.3d at 1256 ("Neither the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain

legal prejudice requiring the denial of a motion to dismiss."). Here, the voluntary dismissal also came after the alleged victim of the fraud underlying one of the bases for forfeiture prevailed in a private civil suit in state court. The government then sought either summary judgment or voluntary dismissal without prejudice to allow the funds to be distributed to the alleged victim. So while Claimants indeed had a motion for summary judgment pending at the time of dismissal, so too did the government. Nothing suggests to the Court that the government acted in bad faith or that the government did not believe it had a meritorious case for forfeiture. Rather, it determined that in light of the state court judgment and AnnChery's claim to the assets, voluntary dismissal without prejudice would be an adequate alternate resolution. In the interests of justice and to limit waste of both judicial resources and the resources of the parties, this Court found voluntary dismissal without prejudice to be the appropriate resolution of the instant action.

The cases Claimants rely on are inapposite. In *United States v. Certain Real Property*, 543 F. Supp. 2d 1291 (N.D. Ala. 2008), for instance, the district court found a dismissal with prejudice appropriate where the claimant had been acquitted of the alleged offense that formed the basis for the forfeiture action. *Id.* at 1292. The facts here are readily distinguishable. Although the government did not ultimately indict Mr. Colorado for offenses relating to the bases for forfeiture, he was found liable to the alleged victim in a related state court action.

Further, here, as in other cases upheld by the Eleventh Circuit, the Court imposed "curative conditions" on the voluntary dismissal. *See, e.g.*, *Pontenberg*, 252 F.3d at 1256 ("Although the district court found dismissal appropriate, it ordered that the court 'should assess costs against Plaintiff pursuant to Fed.R.Civ.P. 41(d)' if Pontenberg re-files her action against Boston Scientific."). The Court's Order Dismissing Case [ECF No. 138] mandated that if the government refiles the case, Claimants will then be entitled to costs expended in defending this dismissed

action. The Court believes that under the unique circumstances here, this condition was all that was necessary to do justice among the parties.

Finally, Claimants argue that a dismissal without prejudice here plainly prejudices Claimants because it prevents them from obtaining statutory attorney's fees pursuant to the Civil Asset Forfeiture Reform Act of 2000, 28 U.S.C. § 2465(b)(1) (2012) ("CAFRA"). First, this argument is untimely. Claimants did not raise the issue of attorney's fees in response to the government's motion. Rather, they raised the issue for the first time only after the Court had granted the motion for voluntary dismissal without prejudice. Thus, the Court finds that Claimants waived this argument and that reconsideration on this basis is inappropriate.[1] But even absent waiver, the Eleventh Circuit has not addressed whether loss of an argument for attorney's fees pursuant to CAFRA constitutes legal prejudice that should preclude voluntary dismissal without prejudice, and the Court does not believe that the facts of this case warrant that determination. Nothing before the Court indicates bad faith on the part of the government. Here, the government determined that it was willing to forego trial on what it believed to be a meritorious forfeiture complaint in light of the alleged victim's state court judgment.

For the foregoing reasons, the Court determines that its dismissal without prejudice pursuant to Rule 41(a)(2) was appropriate given the equities in this case, and therefore declines to alter or amend its Order.

---

[1] *See United States v. $32,820.56 in U.S. Currency*, 106 F. Supp. 3d 990, 996–97 (N.D. Iowa 2015) ("In resisting the Government's motion to dismiss without prejudice, the Claimants did not argue that they would suffer legal prejudice in the form of a denial of fees under CAFRA. . . . If the Claimants would have raised this issue in response to the Government's motion to dismiss, it could have been fully briefed and argued at that time. Unfortunately, that did not happen and the case has been dismissed without prejudice. . . . I find that the Claimants waived this argument and that reconsideration is therefore not appropriate.").

**III. MOTION FOR ATTORNEY'S FEES**

Pursuant to 28 U.S.C. § 2465(b)(1), a claimant who "substantially prevails" in a civil forfeiture action is entitled to collect from the United States "reasonable attorney fees and other litigation costs reasonably incurred by the claimant," together with statutory post-judgment interest. The parties agree that CAFRA's "substantially prevails" standard is equivalent to a "prevailing party" standard. Thus, a dismissal without prejudice cannot trigger the statutory entitlement because such a dismissal lacks the necessary "material alteration of the legal relationship of the parties" with a corresponding "judicial imprimatur on the change." *Buckhannon Bd. & Home Care, Inc. v. W. Va. Dept. of Health & Hum. Servs.*, 532 U.S. 598, 604–05 (2001) (quoting *Tex. State Teachers Assn. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989)). Having determined that a voluntary dismissal without prejudice was appropriate given the equities in the instant matter, the Court finds no basis on which to award statutory attorney's fees.

**IV. CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Claimants' Motion to Alter or Amend Order Dismissing Case Entered on August 10, 2017 [ECF No. 139] is **DENIED**; and

2. Claimants' Motion for Attorney Fees, Costs, and Interest [ECF No. 141] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of January, 2018.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE